UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD E. SIMS, #192822,

       Plaintiff,                       Case No.: 05-72816-DT

                                      HON. LAWRENCE P. ZATKOFF
vs.                                  MAG. JUDGE WALLACE CAPEL, JR.

JOANNE M. RICCI, et. al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.   INTRODUCTION**

      Plaintiff, Gerald Sims, has brought this pro se civil rights action pursuant to 42 U.S.C. § 1983, challenging the validity of a prison disciplinary hearing and asserting claims of violation of due process. Plaintiff seeks monetary damages and expungement of the guilty finding.

      Before the Court is "Defendants Ricci, Lycos, Hughes, Marienfeld, Langly and Barrett's Rule 12(b)(6) Motion For Dismissal," filed October 17, 2005. Defendants claim they are entitled to dismissal because: 1) Plaintiff has failed to state a claim for which relief can be granted because his claims are barred by Edwards v. Balisok;[1] 2) Defendant Ricci is entitled to absolute quasi-judicial immunity in her capacity as a hearing officer for the Michigan Department of Corrections; and, 3) Defendants are entitled to qualified immunity. Because the undersigned finds that Plaintiff's claims are barred by Edwards, I need not address Defendants' remaining arguments.

---

[1] Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997).

1

## II. STANDARD OF REVIEW

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).

It must be mentioned that *pro se* complaints are to be construed liberally; however, a court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996). A complaint will not survive a Rule 12(b)(6) challenge unless it contains either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under a viable legal theory. Uttilla v. City of Memphis, 40 F.Supp.2d 968, 970 (W.D. Tenn. 1999)(quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Lastly, the court is prohibited from acting as an advocate for *pro se* litigants. Berridge v. Heiser, 993 F.Supp. 1136, 1141 (S.D. Ohio 1997)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III. ANALYSIS

In Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court held that where a prisoner's § 1983 action for damages would implicitly question the validity of conviction or duration of sentence, the plaintiff must first achieve a favorable termination of his available state or federal habeas opportunities to challenge the underlying conviction or sentence.

In Edwards, the court extended the ruling of Heck to a § 1983 action claiming damages and equitable relief for a procedural defect in a prison administrative process, where the administrative action taken against the plaintiff could affect credits toward release based on good-time served.

In Muhammad v. Close, 379 F.3d 413 (6th Cir. 2004), the Supreme Court clarified that Edwards required the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. See also, Johnson v. Unknown Coolman, R.U.O., 2004 WL 1367271 (6th Cir. 2004). Edwards still applies, however, where a plaintiff has lost good time as a result of a misconduct conviction. The Plaintiff in this case was found guilty of the charges and received 30 days of detention and 30 days loss of privileges.

Under Michigan law, M.C.L.A. 800.33, disciplinary credits that would be normally earned for the month, and which would be deducted from their minimum and maximum sentence in order to determine parole eligibility dates are lost. Under the law, Plaintiff would also lose good time credits for the month. Therefore, Plaintiff's claims would not be affected by the Court's ruling in Muhammad, and Edwards would still apply. Plaintiff in this case has not obtained a favorable termination of the guilty finding of the misconduct hearing, and his claims accordingly are barred by Edwards.

**IV.   CONCLUSION**

For the reasons stated above, it is respectfully recommended that Plaintiff's Complaint be **DISMISSED** for the reasons stated.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this

recommendation that they may serve and file specific, written objections to the proposed findings and recommendations.  Further, either party may respond to another party's objections within ten days after being served with a copy thereof.  The parties are further informed that failure to timely file objections may constitute a waiver of any further right of appeal to the United States Court of Appeals.  <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

                                                  s/Wallace Capel, Jr.
                                                  **WALLACE CAPEL, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**

**Date:**   March 6, 2006

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2006, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Diane M. Smith, Assistant Attorney General, P. O. Box 30217, Lansing, Michigan 48909.

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s):  Gerald Sims, #192822, Alger Maximum Correctional Facility, P. O. Box 600, Munising, Michigan 49862.

                                          s/James P. Peltier
                                        United States District Court
                                        Flint, Michigan 48502
                                        810-341-7850
                                        E-mail: pete_peltier@mied.uscourts.gov